UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED

DEC 2 - 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-246-DLB

MICHAEL HAYNIE                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

EDWARD F. REILLY, JR.                                            RESPONDENT


Michael Haynie, an individual presently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. His original motion to proceed *in forma pauperis* having been denied, he has recently paid the requisite filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIM

The petitioner claims that his due process rights have been violated because the U.S. Parole Commission [hereinafter "the Commission"] has not timely set a release date for him, as is required under §235(b)(3) of the Sentencing Reform Act of 1984.

ALLEGATIONS

The following is a summary or construction of the facts and legal claims in the petitioner's original handwritten pleading, motion to amend that pleading, sentence computation attached to his financial information, and later-filed typewritten petition [Record Nos. 1, 3, 5, 8].

The only information about the petitioner's crime and conviction is contained in a Bureau of Prisons sentence computation sheet dated September 17, 2004. It reveals that Haynie was convicted in the D.C. Superior Court of the crime of aggravated assault while armed, and on July 15, 1997, he was sentenced to 15 years. His projected release date is the date of expiration of that sentence, April 13, 2012. In his allegations, Petitioner Haynie reveals only that he is a District of Columbia prisoner who is under the authority of the Commission pursuant to the 1997 enactment of the National Capital Revitalization and Self-Government Improvement Act, Pub.L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745.

The petitioner has claimed that the Commission is obligated to set a release date for prisoners who will be incarcerated on the date when the Commission's authority is abolished in favor of the scheme involving the United States Sentencing Guidelines and post-incarceration court supervision, which was adopted in the Sentencing Reform Act of 1984 ("SRA"). The referenced legislation provided as follows:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98-473, Section 235(b)(3), 98 Stat. 2032 (1984). The Commission's original expiration date has been postponed past the original five year period several times, and at the time of the instant filing it was set to expire eighteen (18) years after the effective date, *i.e.*, on November 1, 2005. *See* Pub.L. No. 107-273, §11017, 116 Stat. 1758, 1824-25 (2002).

2

Pursuant to the above-quoted provisions, the petitioner argues, prisoners who expect that they will still be prisoners on October 31, 2005, are entitled to have a release date set prior to that date. Moreover, not only must the date be set prior to November 1, 2005, it must also be set sufficiently prior to that date so that a prisoner may pursue an appeal of the assigned date.[1]  He has complained herein that he has not received a release date, and the time for an appeal is shrinking.

Therefore, on August 5, 2005, the petitioner filed the instant cause of action, naming the Commissioner as the respondent and claiming that because the Commission refused to set a release date for him and he is missing an opportunity to appeal it, his due process rights have been violated. The petitioner cites case law which purportedly supports this proposition

## DISCUSSION

Between the time that the petitioner filed this action and the day on which he paid the district court filing fee, on September 29, 2005, the United States Congress extended the life of the U.S. Parole Commission for another three years. *See* U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005, P.L. 109-76, Sec. 2.  Therefore, to the extent that the Commission has an affirmative obligation to set parole dates under Section 235(b)(3) of the SRA, it has until October 31, 2008, in which to do so.

Accordingly, the petitioner is not yet entitled to the relief he seeks and his petition will be denied as premature.  Ironically, this result is consistent with *Romano v. Luther*, 816 F.2d 832 (2nd Cir. 1987), upon which the petitioner relies. In *Romano*, the Second Circuit held that  the petitioner was premature in asking for a release date several years in advance of the then-expiration date of

---

[1]  The Court notes that in *Simmons v. Keohane*, 1998 WL 124336 (6th Cir. 1998) (Unpublished)), the Sixth Circuit estimated that the time for such an appeal would take up to 3 months.

October 31, 1992. Substituting the current expiration dates, that court's conclusion would read as follows:

> We hold that subsection of 235(b)(3) . . . is now in effect, and that it requires the Parole Commission to set parole release dates within the applicable guideline ranges only for prisoners who will be in prison on October 31, 2008, the day before the end of the . . . transition period, [and] that it requires no action by the Commission until a time sufficiently in advance of November 1, 2008, to afford prisoners an opportunity to pursue administrative remedies before November 1, 2008 . . . .

816 F.2d at 842 (modified by the undersigned as to relevant dates).

The Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     Petitioner Haynie's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2)     The petitioner's motion [Record No. 9] for extension of time is **DENIED** as moot;

(3)     the action herein will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

This 2nd day of December, 2005.



Signed By:
David L. Bunning
United States District Judge

4